**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**LOVELLE LAWRENCE,**
      Plaintiff,

vs.                                                            Case No: 3:06cv462/RS/MD

**THE BAHAIS OF ESCAMBIA COUNTY, LSA, et al.,**
      Defendants.

---

ORDER and
REPORT AND RECOMMENDATION

   Plaintiff, proceeding *pro se*, has filed a complaint (doc. 1) under 42 U.S.C. § 1983, and a motion to proceed *in forma pauperis* (doc. 2). Good cause having been shown, leave to proceed *in forma pauperis* will be granted. However, upon review of plaintiff's complaint, the court concludes that plaintiff has not and cannot present an actionable claim, and that dismissal of this case is warranted.

   Since plaintiff is proceeding *in forma pauperis*, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious;  (ii) fails to state a claim on which relief may be granted;  or (iii) seeks monetary relief against a defendant who is immune from such relief."   28 U.S.C. § 1915(e)(2)(B).  A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *Id.* at 327, 109 S.Ct. at 1833, or when the claims rely on factual allegations that are "clearly baseless."  *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997).  The allegations of the complaint are taken as true and are

construed in the light most favorable to the plaintiff. *Davis v. Monroe County Bd. Of Educ.*, 120 F.3d 1390, 1393 (11th Cir. 1997). The complaint may be dismissed only if it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief. *Brown v. Budget Rent-A-Car Systems, Inc.*, 119 F.3d 922, 923 (11th Cir. 1997). Upon review of plaintiff's complaint, the court concludes that it does not present an actionable claim.

In this civil rights action, plaintiff is suing Charles Burris, Chairman to the Local Spiritual Assembly ("LSA"); Betty Burris, Secretary to the LSA; Lonnie Rawles, Member of the LSA; and The Spiritual Assembly of the Bahais of Escambia County, Florida. Plaintiff complains that defendant Charles Burris "caused" him to become homeless by giving him a tee shirt to wear that says "Racism, Just Undo It," and then failing to "stand by" plaintiff on two occasions: one when defendant Rawles stole a new battery from plaintiff, and another when plaintiff's attempt to renew a lease at a HomeStay Lodge was rejected due to his membership in the Bahais and his wearing the tee shirt. (*See* Doc. 1, p. 3; doc. 2, p. 4). Claiming that the defendants' conduct has deprived him of his right to freedom of speech and expression secured by the First Amendment, plaintiff seeks the following: "The ending of this kind of abuse and discrimination inside the local Bahai Community of Escambia County Florida. And the granting of such further relief as may be appropriate and just compensation under the Constitution and laws of the United States." (Doc. 1, p. 4).

In order to prevail in a civil rights action under § 1983, a plaintiff must establish that a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or federal law. *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). With regard to the first requirement, it is well-settled that "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Patrick v. Floyd Med. Ctr.*, 201 F.3d 1313, 1315 (11th Cir. 2000). This is a jurisdictional prerequisite. *Nail v. Community Action Agency of Calhoun County*, 805 F.2d 1500, 1501 (11th Cir. 1986); *see also Haynes v. Sacred Heart Hosp., F.E.*, 149 Fed.Appx. 854, 855 (11th Cir. 2005) (unpublished

opinion). Only in rare circumstances may a private party be viewed as a state actor for § 1983 purposes:

> [T]o hold that private parties . . . are State actors, th[e] court must conclude that one of the following three conditions is met: (1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution (State compulsion test); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State (public function test); or (3) the State had so far insinuated itself into a position of interdependence with the private parties that it was a joint participant in the enterprise (nexus/joint action test).

*Rayburn.* 241 F.3d at 1347 (internal quotation marks omitted). If the court concludes there is no state action, it must dismiss plaintiff's § 1983 claim. *Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001).

The court has reviewed defendants' actions under each of the three state action tests and finds that, even viewing the allegations in the complaint as true, defendants did not act under color of state law, nor were their actions fairly attributable to the state. Thus, plaintiff's claims should be dismissed.

Accordingly, it is ORDERED:

Plaintiff's motion to proceed *in forma pauperis* (doc. 2) is GRANTED.

And it is respectfully RECOMMENDED:

That this cause of action be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii), and the clerk be directed to close the file.

At Pensacola, Florida this 24th day of October, 2006.

/s/ *Miles Davis*
  **MILES DAVIS**
  **UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  See 28 U.S.C. § 636;** *United States v. Roberts,* **858 F.2d 698, 701 (11th Cir. 1988).**